HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAYNA CROFTS and JEREMY SANDERS,

    Plaintiffs,

    v.

ISSAQUAH SCHOOL DISTRICT, MELISSA MADSEN, and RON THIELE,

    Defendants.

CASE NO. C17-1365RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Modify Initial Order and Set Briefing Schedule and Plaintiffs' Motion to Compel. Dkt. ## 8, 13. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Modify and **DENIES** Plaintiff's Motion to Compel.

## II. BACKGROUND

Plaintiffs Layna Crofts and Jeremy Sanders, proceeding *pro se*, seek judicial review of the final order of an administrative law judge pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Dkt. # 6. On October 19, 2017, Defendants Issaquah School District, Melissa Madsen, and Ron Thiele, filed a

ORDER – 1

Motion to Modify the requirements of the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (the "Order"). Plaintiffs oppose this Motion to Modify and filed their Motion to Compel in response. Dkt. # 13.

### A. Defendant's Motion

Defendants request that the Court issue an order relieving the parties from the initial case scheduling deadlines set forth in the Order and to set a briefing schedule for resolution of Plaintiffs' appeal. Defendants argue that this case is exempt from the requirements of Federal Rule of Civil Procedure 26(a) and (f) because it is an action for review on an administrative record.

"[J]udicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). The IDEA provides that "the court shall receive the records of administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(ii). "[E]vidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011). Under Rule 26(a)(1)(B)(i), "an action for review on an administrative record" is exempt from initial disclosures and from a Rule 26(f) conference. While judicial review in IDEA cases differs from judicial review of

ORDER – 2

other agency actions because the Court may consider evidence outside the administrative record, the requirements of Rule 26(a) and (f) are more appropriately applicable to full judicial proceedings and not the type of judicial review contemplated by the IDEA. Therefore, Defendants' Motion to Modify the Order is **GRANTED** and the briefing schedule as set out in Defendants' Motion is adopted for this matter. Dkt. # 8.

### B. Plaintiff's Motion

Plaintiffs' Motion requests that: 1) the parties hold a 26(f) conference before the Court; 2) Plaintiffs' briefs not be subject to a page limit; 3) Plaintiffs be allowed to try Melissa Madsen and Ron Thiele as co-defendants with Issaquah School District; 4) the Court compel Defendants to answer the interrogatories sent to Ron Thiele, Melissa Madsen, and Brian Deagle; 5) the Court rule that Plaintiffs may serve interrogatories on "all of the people who work in ISD that Ron Thiele will turn over" in response to his interrogatories; 6) the Court allow an extension for initial disclosures; 7) Defendants be required to email all "motions, correspondence, etc." to Plaintiffs; and 8) that the Court enter an order allowing Plaintiffs to serve Defendants by email to Defendants' counsel. Dkt. # 13.

The Court grants Defendants' Motion to Modify, therefore, Plaintiffs' requests to hold a 26(f) conference before the Court and for an extension of time to file initial disclosures are **DENIED** as moot. Plaintiffs also request that the Court allow them to file briefs without the restriction of a page limit because Plaintiffs are proceeding *pro se*. While *pro se* litigants are treated more liberally than litigants with counsel, they must still follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d

ORDER – 3

565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiffs' *pro se* status is not a sufficient reason to allow them to file unlimited pages of briefing, therefore, Plaintiffs' request is **DENIED.**

Plaintiffs' requests that the Court require Defendants to email all "motions, correspondence, etc." to Plaintiffs and to accept all service through email are also **DENIED.** Plaintiffs provide no further information or detail why such requests are necessary or require intervention by the Court. As noted by Defendants, Plaintiffs are registered for delivery of pleadings through the U.S. District Court's Electronic Case Filing system and as such, will receive copies of the court filings in this case. Plaintiffs provide no basis for the Court to order that Defendants must email these documents to Plaintiffs directly or that Defendants must accept service by email.

Plaintiffs also ask the Court to compel Defendants to respond to interrogatories sent to Ron Thiele, Melissa Madsen, and an unnamed party, Brian Deagle. Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(a)(1) require that a motion to compel discovery include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). W.D. Wash. Local Civ. R. 37(a)(1). Plaintiffs provide no such certification in their Motion. As Plaintiffs have failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1), Plaintiff's motion to compel responses to discovery requests sent to named Defendants in this matter is **DENIED** with leave to refile. To the extent that Plaintiffs' Motion requests that the Court rule that they may

ORDER – 4

serve interrogatories on any persons that are not a named party to this action, it is **DENIED** pursuant to Federal Rule of Civil Procedure 33**.**

Finally, Plaintiffs' request that the Court allow them to try Melissa Madsen and Ron Thiele as co-defendants is the subject of Defendant's Motion to Dismiss (Dkt. # 10) and is not yet ripe for consideration. The Court declines to rule on this request at this time.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Modify (Dkt. # 8) and **DENIES** Plaintiff's Motion to Compel (Dkt. # 13).

DATED this 9th day of November, 2017.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5