UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAYNA CROFTS and JEREMY SANDERS,

    Plaintiffs,

    v.

ISSAQUAH SCHOOL DISTRICT,
MELISSA MADSEN, and RON THIELE,

    Defendants.

CASE NO. C17-1365RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. # 10. Plaintiffs oppose the Motion[1]. Dkt. # 13, 20. For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss. Dkt. # 10.

## II. BACKGROUND

Plaintiffs Layna Crofts and Jeremy Sanders, proceeding *pro se*, seek judicial review of the final order of an administrative law judge pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Dkt. # 6. On October

---

[1] Plaintiffs request oral argument in their Response to Defendants' Motion to Dismiss. Dkt. # 20. Having considered the submissions of the parties and the applicable law, the Court finds that oral argument is unnecessary

ORDER – 1

19, 2017, Defendants Issaquah School District, Melissa Madsen, and Ron Thiele, filed a Motion to Dismiss Melissa Madsen and Ron Thiele as defendants in this case. Dkt. # 10.

### III. LEGAL STANDARD

#### A. FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ORDER – 2

## IV. DISCUSSION

Under the IDEA, states are offered federal funds to assist in education children with disabilities. In order to receive federal financial assistance, the state must provide a "free appropriate public education" (or "FAPE") to "all children with disabilities residing in the State." 20 U.S.C. § 1412(a)(1)(A). The responsibility of ensuring that disabled children receive a FAPE under the IDEA lies with state education agencies. 20 U.S.C. § 1412(a)(11). A state education agency distributes the funds it receives to a local education agency, and the local education agency is then responsible for providing appropriate education and services to the disabled children. 20 U.S.C. § 1411(f)(2).

Defendants argue that Superintendent Ron Thiele and Executive Director of Special Services Melissa Madsen, should be dismissed from this case because they cannot be sued under the IDEA in their individual capacities, and that suing them in their official capacities is duplicative of the claim asserted against Issaquah School District (the "District"), because Mr. Thiele and Ms. Madsen are District employees. The Court agrees with Defendants that to bring suit against Mr. Thiele and Ms. Madsen in their official capacity would be duplicative because they are also bringing suit against the District. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1180 (E.D. Cal. 2014).

The Court does not, however, agree with Defendants' assertion that Mr. Thiele and Ms. Madsen cannot be sued under the IDEA in their individual capacities. Very few courts have examined the issue of whether the IDEA provides for individual liability.

ORDER – 3

Defendants cite to only one decision in this district that held that individual defendants may not be sued in their individual capacities under the IDEA. *Blanchard v. Morton Sch. Dist.,* No. CV 02-5101 FDB, 2006 WL 1075222, at *4 (W.D. Wash. Apr. 20, 2006), *judgment corrected*, No. CV 02-5101 FDB, 2006 WL 1419381 (W.D. Wash. May 19, 2006), and aff'd, 504 F.3d 771 (9th Cir. 2007), *opinion amended and superseded*, 509 F.3d 934 (9th Cir. 2007), *and aff'd*, 509 F.3d 934 (9th Cir. 2007). The court in *Blanchard* dismissed the relevant individual defendants in that case on the basis of ineffective service of process, but commented that "an additional basis for dismissal of the complaint against the individual defendants is that these defendants may not be sued in their individual capacities under the ADA, the Rehabilitation Act or the IDEA because these statutes do not provide for individual liability." *Blanchard*, 2006 WL 1075222, at *2. While this decision was affirmed, the Ninth Circuit specifically affirmed dismissal of the individual defendants on the basis of ineffective service of process, and stayed silent on the district court's statement regarding their individual liability. *Blanchard v. Morton Sch. Dist*., 260 F. App'x 992, 993 (9th Cir. 2007)

Defendants do not cite to any binding legal authority that supports its assertion and the Court has not found a decision from the Ninth Circuit or any other circuit that states that school district employees cannot be held individually liable under the IDEA. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("We have not found a decision from any circuit holding that individual school employees cannot be personally liable for violating IDEA."). Defendants offer no other

ORDER – 4

argument supporting their argument that Plaintiffs have failed to state a claim against Mr. Thiele and Ms. Madsen. Therefore, Defendants' Motion to Dismiss is **DENIED.**

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss. Dkt. # 10.

DATED this 27th day of November, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5