HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAYNA CROFTS and JEREMY SANDERS,

    Plaintiffs,

    v.

ISSAQUAH SCHOOL DISTRICT,
MELISSA MADSEN, and RON THIELE,

    Defendants.

CASE NO. C17-1365RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Amend their Complaint. Dkt. # 22. Defendants oppose the Motion. Dkt. # 24. The parties were asked to provide supplemental briefing addressing the question of whether there is individual liability under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, ("IDEA"), as Plaintiffs' Motion requests leave to add three additional individual defendants to their Complaint. Dkt. # 22. Plaintiffs also request oral argument. Having considered the submissions of the parties and the applicable law, the Court finds that oral argument is unnecessary. For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion. Dkt. # 22.

ORDER – 1

## II. BACKGROUND

Plaintiffs Layna Crofts and Jeremy Sanders, proceeding *pro se*, filed a complaint seeking judicial review of the final order of an administrative law judge pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). Dkt. # 6. Plaintiffs are the parents of a disabled child in the Issaquah School District ("Student"). Plaintiffs request relief in the form of reimbursement for educational expenses, private school placement, and all expenses related to that placement. Dkt. # 6 at 5. On October 19, 2017, Defendants Issaquah School District, Melissa Madsen, and Ron Thiele, filed a Motion to Dismiss Melissa Madsen and Ron Thiele as individual defendants in this case. Dkt. # 10. The Court denied Defendants' Motion on November 27, 2017. Dkt. # 21. Plaintiffs then filed a motion to amend their Complaint in order to add three additional individual defendants. Dkt. # 22.

## III. LEGAL STANDARD

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United*

ORDER – 2

*States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

## IV. DISCUSSION

In the Order denying Defendants' Motion to Dismiss, the Court declined to dismiss Ron Thiele and Melissa Madsen in part because Defendants provided no binding legal authority establishing that the IDEA does not create a right of action against individual defendants and because the Ninth Circuit has not yet ruled on that issue. Dkt. # 21. Plaintiffs filed this Motion to amend their Complaint to add three employees from Student's elementary school as defendants in this matter: the principal, the director of special education, and the school psychologist. Thus, in deciding this Motion to Amend, the question at issue is whether defendants can be sued in their individual capacities under the IDEA. "[I]t is well understood that—in the absence of binding precedent—courts may forge a different path than suggested by prior authorities that have considered the issue." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

Under the IDEA, states are offered federal funds to assist in educating children with disabilities. In order to receive federal financial assistance, the state must provide a "free appropriate public education" (or "FAPE") to "all children with disabilities residing in the State." 20 U.S.C. § 1412(a)(1)(A). The responsibility of ensuring that disabled children receive a FAPE under the IDEA lies with state education agencies. 20 U.S.C. § 1412(a)(11). A state education agency distributes the funds it receives to a local

ORDER – 3

education agency, and the local education agency is then responsible for providing appropriate education and services to the disabled children. 20 U.S.C. § 1411(f)(2).

Pursuant to the IDEA, parents and local education agencies may participate in a due process hearing to resolve disputes between them including those regarding the provision of a FAPE to a child or relating to the "identification, evaluation or educational placement of the child." 20 U.S.C. §§ 1415(b), 1415(k), 1415(f). "[A]ny party aggrieved by the findings and decision made [in the hearing] shall have the right to bring a civil action . . . in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

In order to determine whether the IDEA provides for individual liability, the Court turns first to the language of the statute. The statutory language governing the appeals process for disputes specifically references the parents and the local education agencies, but not third parties or employees of the local education agencies. These provisions are silent on whether it is permissible to add school officials as defendants in their individual capacity at the appeals level. As the statute does not provide express authority to hold individuals liable for alleged violations of the IDEA, the question at issue becomes, whether "individual liability is a form of relief that is appropriate in light of the purposes of the IDEA." *Taylor v. Altoona Area Sch. Dist.*, 513 F. Supp. 2d 540, 552 (W.D. Pa. 2007). As noted above, a state's receipt of federal financial assistance is predicated on its provision of certain services. It is clear from language of the statute that the obligation to provide these services falls to the local education agencies receiving these funds and not necessarily on the individuals employed by these agencies. If these employees are not

ORDER – 4

responsible for the provision of these services under the IDEA, are not the recipient of the benefits that result from the provision of these services, and are not named as possible parties to disputes that could arise from the provisions of these services, can they be held individually liable for alleged violations of the IDEA?

The Court finds the analysis of this issue in *Taylor v. Altoona Area Sch. Dist.*, to be persuasive. *Taylor*, 513 F. Supp. 2d at 552. In *Taylor*, the District Court analyzed whether the plaintiffs could assert claims against individual defendants both directly under the IDEA and under 42 U.S.C. § 1983, for alleged violations of the IDEA. In its analysis of the claims brought directly under the IDEA, the District Court recognized that the "substantive requirements contained in the IDEA come in the form of conditions placed on a State's receipt of federal funds," and noted that "Congress does not normally seek to impose liability on individuals when it places conditions on the receipt of federal funds by entities that employ such individuals." *Id.* at 553 (citing *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002)); *see also C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1167 (9th Cir. 2012) ("[W]here Congress provides funds to a State to pursue certain functions, the typical remedy for state noncompliance with federally imposed conditions is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State."). Therefore, the District Court concluded that the statutory scheme of the IDEA contemplates that redress for violations of the IDEA should be "pursued against the recipients of federal funds rather than against individuals employed by those recipients." *Taylor*, 513 F. Supp. 2d at 554.

ORDER – 5

As a practical matter, consideration of whether appropriate remedies can be recovered against individual defendants also lends support to the reasoning followed by the District Court in *Taylor*. Plaintiffs request relief in the form of reimbursement for educational expenses, private school placement and all expenses related to that placement, private tutoring, transportation costs, services related to Student's disability, and legal fees. Dkt. # 6 at 5. The IDEA allows courts to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B)(iii). The Ninth Circuit has held that such relief does not include emotional, general, punitive, or nominal damages. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 936-938 (9th Cir. 2007); *see also C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1167 (9th Cir. 2012). The IDEA also provides for an award of attorney's fees in certain circumstances. However, the applicable provisions reference the ability of a court to award attorneys' fees to a prevailing party who is either the parent, a state educational agency, or a local educational agency. 20 U.S.C. § 1415(i)(3)(B)(i)(I)-(III). The statute does not list an individual defendant as a possible prevailing party or a party against whom the award can be made. *Id*.

While the IDEA provides for reimbursement for private school placement, the statute specifically states that a court may require the agency to reimburse the parents for the cost of that placement, not individual agency employees. 20 U.S.C. § 1412(a)(10)(C)(ii). Parents also have an equitable right to reimbursement for the cost of providing an appropriate education when a school district has failed to offer a child a FAPE. *See Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1088 (9th Cir. 2008), *aff'd*, 557 U.S. 230, 129 S. Ct. 2484, 174 L. Ed. 2d 168 (2009); *see also* 20 U.S.C. §

ORDER – 6

1415(i)(2)(C). However, this right to reimbursement originates out of a school district's failure to provide an appropriate education and not the actions of the school district's employees. Compensatory educational services can also be awarded as appropriate equitable relief, however, such compensatory services are designed to ensure that the student is appropriately educated by the district as required by the IDEA. *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006). Just as it is the obligation of the district to provide a FAPE, it would be the obligation of the district to provide compensatory educational services that are required as a result of the district's failure to provide a FAPE. *See id.* at 1034.

Given the language and the intent of the IDEA and the lack of available remedies against individual school district employees or officials, the Court finds that redress for alleged violations of the IDEA is more appropriately pursued against Defendant Issaquah School District, and not individual defendants in their individual capacities. Therefore, Plaintiffs' Motion to Amend is **DENIED**. Dkt. # 22.

//

//

//

//

//

ORDER – 7

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Amend. Dkt. # 22. As this ruling finds that the IDEA does not provide for individual liability, the Court also **DISMISSES Melissa Madsen and Ron Thiele as individual defendants in this matter.**

DATED this 28th day of March, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8