# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LAYNA CROFTS,<br><br>              Plaintiff,<br>   v.<br><br>ISSAQUAH SCHOOL DISTRICT,<br><br>              Defendant. | CASE NO. C17-1365JLR<br><br>ORDER |

The court is in receipt of *pro se* Plaintiffs Layna Crofts and Jeremy Sanders's (collectively, "Plaintiffs") motion for permission for Mr. Sanders "to withdraw as co-counsel." (Mot. (Dkt. # 62).) Because Mr. Sanders represents himself *pro se*, he cannot serve as "co-counsel" for Ms. Crofts. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities."). By the same logic, Ms. Crofts cannot serve as counsel for Mr. Sanders. *See id.*

The court thus construes Plaintiffs' motion as a motion to voluntarily dismiss Mr. Sanders's claims. Federal Rule of Civil Procedure 41(a)(2) provides that, after the opposing party has filed an answer or a motion for summary judgment, a plaintiff may dismiss an action by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Here, the court finds dismissal of Mr. Sanders' claims appropriate. Ms. Crofts' claims remain.

Accordingly, the court GRANTS Plaintiffs' motion for permission for Mr. Sanders "to withdraw as co-counsel," which the court construes as a motion to voluntarily dismiss Mr. Sanders's claims. (Dkt. # 62.) The court DIRECTS the Clerk to terminate Mr. Sanders as a plaintiff in this action.

Dated this 29th day of March, 2019.

The Honorable James L. Robart
U.S. District Court Judge